\*\*E-Filed 4/3/2009\*\*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SONY CORPORATION AND SONY ELECTRONICS, INC., <br><br>      Plaintiffs, <br><br> v. <br><br> AmTRAN Technology, Co., Ltd., <br><br>      Defendant. | Case Number C 08-5706 JF (HRL) <br><br> ORDER[1] (1) GRANTING MOTION TO STAY AND (2) DEFERRING DETERMINATION OF MOTION TO DISMISS <br><br> [re: doc. no. 18] |

Defendant AmTRAN Technology Co., Ltd. ("AmTRAN") seeks an order staying the instant action in light of a first-filed infringement suit pending in the Western District of Wisconsin. In the alternative, AmTRAN moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Plaintiffs Sony Corporation and Sony Electronics, Inc. (collectively, "Sony") oppose both motions. For the reasons set forth below, the motion to stay will be granted and resolution of the motion to dismiss will be deferred.

## I.  BACKGROUND

Plaintiff Sony Corporation is a Japanese consumer electronics company headquartered in Tokyo and its subsidiary, Plaintiff Sony Electronics Inc., is headquartered in San Diego,

---

[1] This disposition is not designated for publication in the official reports.

1   California.  AmTRAN is a privately-held Taiwanese company that manufactures digital
2   televisions.  AmTRAN does not manufacture any products in California or have any employees
3   in California.  However, AmTRAN has several U.S.-based subsidiaries and affiliates, including
4   (1) Irvine, California-based Vizio, Inc. ("Vizio"), which sells AmTRAN-manufactured digital
5   televisions in the United States under the Vizio brand name and is 23%-owned by AmTRAN; (2)
6   AmTRAN Logistics, Inc. ("AmTRAN Logistics"), a wholly-owned AmTRAN subsidiary, also
7   located in Irvine, that imports AmTRAN televisions sold by Vizio; and (3) AseV Display
8   Laboratories, Inc. ("ASEV"), a wholly-owned AmTRAN subsidiary also based in Irvine,
9   California whose present business is unclear.
10          In October 2008, Sony and Vizio met at Vizio's facilities in Irvine, California to discuss
11  Sony's patent portfolio.  AmTRAN also was present at the meeting, in a role that AmTRAN
12  characterizes as being akin to that of an observer.  During the meeting, AmTRAN presented its
13  portfolio of approximately twenty patents to Sony in an effort to encourage a possible cross-
14  licensing agreement among all the parties.[2]  According to AmTRAN, the meeting was relatively
15  cordial—AmTRAN did not assert that Sony infringed any of its patents, nor did Sony assert that
16  the patents were invalid.  Sony and Vizio were unable to resolve their differences, however, and
17  subsequently Vizio filed a declaratory judgment action against Sony in the District of New
18  Jersey.  In response, Sony filing an affirmative infringement suit against Vizio in the Central
19  District of California.
20          On December 18, 2008, AmTRAN filed an infringement suit in the Western District of
21  Wisconsin against Funai Electric Co., Ltd., a Japanese company, and its U.S. affiliate Funai
22  Corporation, Inc., a New Jersey corporation with its principal place of business in New Jersey
23  (collectively, "Funai").  Funai has no relation to Sony.  In its initial complaint, AmTRAN
24  accused Funai of infringing the '995 and '152 patents.  On December 19, 2008, AmTRAN and
25  Sony met in Tokyo.  The tenor of this meeting is disputed, as Sony alleges that AmTRAN stated
26  that it would have filed suit against Sony already but for the fact that the parties were meeting,

---

[2] The relevant AmTRAN patents for purposes of the instant motion are U.S. Patent Nos. 5,635,995 ("the '995 patent"); 5,799,037 ("the '037 patent"); and 6,721, 152 ("the '152 patent").

and that AmTRAN accused Sony of infringing the '037 patent in particular.[3]  On December 22, 2008, the first business day after the Tokyo meeting, Sony filed the instant action against AmTRAN, seeking declaratory relief as to noninfringement of the '995, '152, and '037 patents. On December 24, 2008, AmTRAN amended the complaint in the Wisconsin action to add as named plaintiffs the two aforementioned Sony entities and Sony Corporation of America, a New York corporation (also referred to herein as "Sony").  On February 20, 2008, Sony filed a motion to transfer the Wisconsin action to the Northern District of California pursuant to 28 U.S.C. § 1404.  The final brief for that motion was filed on March 23, 2009.

## II.  DISCUSSION

### A.  Pending Motion to Transfer

AmTRAN argues that the instant action should be stayed until Chief Judge Barbara Crabb issues a ruling on Sony's motion to transfer.  If Judge Crabb denies the motion, AmTRAN argues that the next logical step would be for this Court to transfer the instant action to Wisconsin, either pursuant to a formal § 1404 motion or *sua sponte*.  *See Wash. Pub. Utils. Group v. U.S. Dist. Court for W. Dist. of Wash.*, 843 F.2d 319, 326 (9th Cir. 1987) ("section 1404(a) does not expressly require that a formal motion be made before the court can decide that a change of venue is appropriate.").  On the other hand, if the motion to transfer is granted, the Wisconsin action will be consolidated with the instant proceedings, *see* Fed. R. Civ. P. 42(a), which according to AmTRAN will moot the personal jurisdiction issue because it would then be a plaintiff in an affirmative proceeding rather than a defendant in a declaratory judgment action.

Sony argues that the instant action should proceed notwithstanding the pending transfer motion because (1) it is the first-filed action with respect to Sony; (2) this forum is more convenient for the parties; and (3) the '037 patent is at issue only in the declaratory judgment action and the instant action would "likely proceed" in this Court on that one patent even if Judge Crabb denied the motion to transfer.  With respect to the first point, whether the first-filed

---

[3] Because it disputes that it ever accused Sony of infringing the '037 patent, AmTRAN contests whether this Court has subject matter jurisdiction over a request for declaratory relief with respect to this patent.  However, AmTRAN does not request resolution of this issue at this time.

3

analysis depends on the initial filing date as opposed to when a party was first introduced into the case is unsettled. *See Versus Tech., Inc. v. Hillenbrand Indus., Inc.*, No. 1:04-CV-168, 2004 WL 3457629, at *6 (W.D. Mich. Nov. 23, 2004) (noting that at least several circuits have held that the dispositive factor in a first-to-file analysis is what complaint was filed first, rather than when certain parties or claims were added through amendment). In addition, the first-to-file analysis will be unnecessary if Judge Crabb transfers the Wisconsin action to this Court. As to Sony's second argument, the Court finds that such assertions to be appropriate for a motion to transfer (and should be made to Chief Judge Crabb) rather than in an opposition to a motion to stay. Finally, it would be premature for Sony to presume that this Court would retain jurisdiction over the '037 only if Judge Crabb decides to retain the Wisconsin action, as in reality it might best serve judicial economy for this Court to transfer the entire action to Wisconsin and let the parties litigate all the patents in a single proceeding. Accordingly, AmTRAN's motion to stay will be granted.[4]

### B. Personal Jurisdiction

AmTRAN argues that even if the Court denies the motion to stay, the instant action should be dismissed nonetheless because of a lack of personal jurisdiction. Specifically, AmTRAN argues that (1) it is not subject to general jurisdiction in California and (2) it also is not subject to personal jurisdiction in the context of a declaratory judgment action pursuant to *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324 (Fed. Cir. 2008), which held that contact with a forum state by way of enforcement activity, rather than infringing activity such as the sale of products, would not by itself create personal jurisdiction in a declaratory judgment action. *Id.* at 1333 ("Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement.") (quoting *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360-61 (Fed. Cir.1998)). In

---

[4] This ruling is without prejudice to either party seeking jurisdictional discovery by a noticed motion before Magistrate Judge Lloyd.

light of the Court's decision to grant AmTRAN's motion to stay, the Court will defer the resolution of whether it may exercise personal jurisdiction over AmTRAN.[5]

### III. ORDER

Good cause therefor appearing, it is hereby ordered that AmTRAN's motion to stay is GRANTED and resolution of AmTRAN's motion to dismiss for lack of personal jurisdiction is deferred until after a ruling on the motion to transfer currently pending in the Western District of Wisconsin.

IT IS SO ORDERED.

DATED: April 3, 2009

_____
JEREMY FOGEL
United States District Judge

---

[5] Without engaging in an extensive jurisdiction analysis, AmTRAN has admitted in a separate discovery motion in this case that it ships millions of dollars worth of products to its California subsidiary in Irvine, AmTRAN Logistics. Sony argues that this creates general jurisdiction. AmTRAN also concedes that if the Wisconsin district court transfers the matter to this district, there will be no issue as to whether there is personal jurisdiction over AmTRAN.

1  This Order has been served upon the following persons:

2  Edward G. Poplawski    epoplawski@sidley.com, labrown@sidley.com

3

4  Kevin P.B. Johnson    kevinjohnson@quinnemanuel.com, andrewbramhall@quinnemanuel.com, benjaminsinger@quinnemanuel.com, eddefranco@quinnemanuel.com, heatherbelville@quinnemanuel.com,

5  jackievalenzuela@quinnemanuel.com, josephmilowic@quinnemanuel.com, peterklivans@quinnemanuel.com, sherrinvanetta@quinnemanuel.com,

6  thomaspease@quinnemanuel.com, toddkennedy@quinnemanuel.com

7

8  Peter H. Kang    pkang@sidley.com, lbrodkin@sidley.com, sflitscan@sidley.com

9  Rory Stuart Miller    rorymiller@quinnemanuel.com

10

11  Theodore Whitley Chandler    hyanagim@sidley.com, jzeng@sidley.com, scjohnson@sidley.com, skim04@Sidley.com, tchandler@sidley.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Case No. C 08-5706 (HRL)
ORDER GRANTING MOTION TO STAY ETC.
(JFLC1)