Counsel listed on signature page                    **\*ORDER E-FILED 6/8/2009\***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sony Corporation and Sony Electronics Inc., | No. 5:08-cv-05706-JF-HRL (filed Dec. 22, 2008) |
| *Plaintiffs,* | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| AmTRAN Technology Co., Ltd., | **(MODIFIED BY THE COURT)** |
| *Defendant.* | |

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. **Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.**

02347.51480/2948683.1                                        1

STIPULATED PROTECTIVE ORDER — No. 08-5706 JF-HRL

1    **2.**    <u>**DEFINITIONS**</u>

2        2.1.    <u>Party</u>:  any party to this action, including all of its officers, directors, employees,

3    consultants, retained experts, and outside counsel (and their support staff).

4        2.2.    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium

5    or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

6    tangible things) that are produced or generated in disclosures or responses to discovery in this

7    matter.

8        2.3.    <u>"Confidential" Information or Items</u>:  information (regardless of how generated,

9    stored or maintained) or tangible things that qualify for protection under standards developed under

10    Fed. R. Civ. P. 26(c) for the protection of trade secret and other confidential research, development,

11    or commercial information.  However, the fact that a type of information is listed as an example of

12    typical "Confidential" information does not preclude a Party from designating such information as

13    "Highly Confidential — Attorneys' Eyes Only" if the Party reasonably and in good faith believes

14    that such higher designation is necessary to protect the business, financial, or commercial interests of

15    the Producing Party.

16        2.4.    <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items</u>:  extremely

17    sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would

18    create a substantial risk of serious injury that could not be avoided by less restrictive means.

19    Examples of typical "Highly Confidential — Attorneys' Eyes Only" information shall include:

20    (a) trade secret information; (b) technical research, development, design, manufacture, assembly, and

21    test information, including, but not limited to, drawings, specifications, schematics, and source code;

22    manufacturing, assembly, operation, and testing manuals; and other competitively-sensitive technical

23    information; (c) intellectual property license agreements, including, but not limited to, information

24    relating to license royalty rates and lump-sum payments for licenses, information relating to

25    strategies and negotiations for licensing intellectual property and/or business relationships with third

26    parties, and information relating to administration of intellectual property licenses; (d) disaggregated

27    customer-specific or licensee-specific financial information, including, but not limited to, revenues,

28    sales volumes, prices, costs, and profits; (e) competitively-sensitive business information, including

business plans, strategies, sources, product choices, distribution networks, forecasts, and budgets; (f) technical, financial, or business information provided by a third party in the regular course of business under a duty of confidentiality; or (g) any otherwise confidential information the public disclosure of which would materially affect the business, financial, or commercial interests of the Producing Party.

2.5.    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6.    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8.    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

2.9.    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10.    <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11.    <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12.    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13.    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.    **For a period of six months after the final termination of this action, this court will retain jurisdiction to enforce the terms of this order.**

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation, when reasonable and practicable, to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection, when reasonable and practicable, only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material

1  that qualifies for protection under this Order must be clearly so designated before the material is

2  disclosed or produced.

3      Designation in conformity with this Order requires:

4      (a)   for information in documentary form (apart from transcripts of depositions or

5  other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

6  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page that contains

7  Protected Material.

8      A Party or non-party that makes original documents or materials available for inspection

9  need not designate them for protection until after the inspecting Party has indicated which material it

10  would like copied and produced.  During the inspection and before the designation, all of the

11  material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL —

12  ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

13  copied and produced, the Producing Party must determine which documents qualify for protection

14  under this Order; then, before producing the specified documents, the Producing Party must affix the

15  appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

16  ONLY") on each page that contains Protected Material.

17      (b)   for testimony given in deposition or in other pretrial or trial proceedings, that

18  the Party or non-party offering or sponsoring the testimony identify on the record, before the close of

19  the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions

20  of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

21  When it is impractical to identify separately each portion of testimony that is entitled to protection,

22  and when it appears that substantial portions of the testimony may qualify for protection, the Party or

23  non-party that sponsors, offers, or gives the testimony may invoke on the record (before the

24  deposition or proceeding is concluded) a right to have up to 20 days from receipt of the transcript to

25  identify the specific portions of the testimony as to which protection is sought and to specify the

26  level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

27  ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately

28

1    designated for protection within the 20 days shall be covered by the provisions of this Stipulated

2    Protective Order.

3           Transcript pages containing Protected Material must be separately bound by the court

4    reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or

5    "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or non-

6    party offering or sponsoring the witness or presenting the testimony.

7                  (c)    for information produced in some form other than documentary, and for any

8    other tangible items, that the Producing Party affix in a prominent place on the exterior of the

9    container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

10   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only portions of the information

11   or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

12   portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys'

13   Eyes Only."

14          5.3.    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

15   designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys'

16   Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

17   this Order for such material.  If material is appropriately designated as "Confidential" or "Highly

18   Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving

19   Party, on timely notification of the designation, must make reasonable efforts to assure that the

20   material is treated in accordance with the provisions of this Order.

21          5.4.    Inadvertent Disclosure of Privileged Information.  The inadvertent disclosure of a

22   communication or information covered by the attorney-client privilege or work-product protection

23   shall be governed by Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B).

24   **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

25          6.1.    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

26   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

27   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

28

1    its right to challenge a confidentiality designation by electing not to mount a challenge promptly

2    after the original designation is disclosed.

3           6.2.    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's

4    confidentiality designation must do so in good faith and must begin the process by conferring

5    directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel

6    for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief

7    that the confidentiality designation was not proper and must give the Designating Party an

8    opportunity to review the designated material, to reconsider the circumstances, and, if no change in

9    designation is offered, to explain the basis for the chosen designation.  A challenging Party may

10   proceed to the next stage of the challenge process only if it has engaged in this meet and confer

11   process first.

12          6.3.    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

13   designation after considering the justification offered by the Designating Party may file and serve a

14   motion that identifies the challenged material and sets forth in detail the basis for the challenge.

15   Each such motion must be accompanied by a competent declaration that affirms that the movant has

16   complied with the meet and confer requirements imposed in the preceding paragraph and that sets

17   forth with specificity the justification for the confidentiality designation that was given by the

18   Designating Party in the meet and confer dialogue.

19          The burden of persuasion in any such challenge proceeding shall be on the Designating

20   Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in

21   question the level of protection to which it is entitled under the Producing Party's designation.

22   **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

23          7.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

24   produced by another Party or by a non-party in connection with this case only for prosecuting,

25   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

26   the categories of persons and under the conditions described in this Order.  When the litigation has

27   been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL

28   DISPOSITION).

1    Protected Material must be stored and maintained by a Receiving Party at a location and in a

2    secure manner that ensures that access is limited to the persons authorized under this Order.

3        7.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered

4    by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

5    information or item designated CONFIDENTIAL only to:

6            (a)    the Receiving Party's Outside Counsel of record in this action, as well as

7    employees of said Counsel to whom it is reasonably necessary to disclose the information for this

8    litigation;

9            (b)    the officers, directors, and employees (including House Counsel) of the

10   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

11   the "Agreement to Be Bound by Protective Order" (Exhibit A);

12           (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure

13   is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

14   Protective Order" (Exhibit A);

15           (d)    the Court and its personnel;

16           (e)    court reporters, their staffs, and Professional Vendors to whom disclosure is

17   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

18   Protective Order" (Exhibit A);

19           (f)    during their depositions, witnesses in the action to whom disclosure is

20   reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

21   (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

22   Protected Material must be separately bound by the court reporter and may not be disclosed to

23   anyone except as permitted under this Stipulated Protective Order.

24           (g)    the author of the document, a recipient whose name appears on the document,

25   or the original source of the information.

26       7.3.    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

27   Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the

28

1   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

2   CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

3         (a)    the Receiving Party's Outside Counsel of record in this action, as well as

4   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

5   litigation;

6         (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

7   necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

8   (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been

9   followed;

10         (c)    the Court and its personnel;

11         (d)    court reporters, their staffs, and Professional Vendors to whom disclosure is

12   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

13   Protective Order" (Exhibit A); and

14         (e)    the author of the document, a recipient whose name appears on the document,

15   or the original source of the information.

16       7.4.   <u>Procedures for Approving Disclosure of Protected Material to "Experts"</u>

17         (a)    Unless otherwise ordered by the Court or agreed in writing by the Designating

18   Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item

19   that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

20   EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full

21   name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the

22   Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or

23   entity from whom the Expert has received compensation for work in his or her areas of expertise or

24   to whom the expert has provided professional services at any time during the preceding five years,

25   and (5) identifies (by name and number of the case, filing date, and location of court) any litigation

26   in connection with which the Expert has provided any professional services during the preceding

27   five years.

28

9
STIPULATED PROTECTIVE ORDER — No. 08-5706 JF-HRL

1        (b)     A Party that makes a request and provides the information specified in the

2 preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

3 within seven court days of delivering the request, the Party receives a written objection from the

4 Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

5        (c)     A Party that receives a timely written objection must meet and confer with the

6 Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.

7 If no agreement is reached, the Party seeking to make the disclosure to the Expert may file and serve

8 a motion seeking permission from the Court to do so.  Any such motion must describe the

9 circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is

10 reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

11 additional means that might be used to reduce that risk.  In addition, any such motion must be

12 accompanied by a competent declaration in which the movant describes the parties' efforts to resolve

13 the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets

14 forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

15    In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of

16 proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

17 outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

18 **8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**
**LITIGATION**

19

20    If a Receiving Party is served with a subpoena or an order issued in other litigation that

21 would compel disclosure of any information or items designated in this action as

22 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the

23 Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if possible)

24 immediately and in no event more than three court days after receiving the subpoena or order.  Such

25 notification must include a copy of the subpoena or court order.

26    The Receiving Party also must immediately inform in writing the Party who caused the

27 subpoena or order to issue in the other litigation that some or all the material covered by the

28 subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

1    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

2    caused the subpoena or order to issue.

3         The purpose of imposing these duties is to alert the interested parties to the existence of this

4    Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

5    confidentiality interests in the court from which the subpoena or order issued.  The Designating

6    Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

7    material — and nothing in these provisions should be construed as authorizing or encouraging a

8    Receiving Party in this action to disobey a lawful directive from another court.

9    **9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

11   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

12   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

13   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

14   person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

15   (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

16   that is attached hereto as Exhibit A.

17   **10.    FILING PROTECTED MATERIAL**

18        Without written permission from the Designating Party or a court order secured after

19   appropriate notice to all interested persons, a Receiving Party may not file in the public record in this

20   action any Protected Material.  **A party that seeks to file under seal any Protected Material must** ~~A Receiving Party may only file Protected Material with the Court if~~ **comply with Civil Local Rule 79-5.**

21   ~~the filing is made under seal~~.

22   **11.    PRODUCTION OF SOURCE CODE**

23        Unless otherwise agreed to in writing between the Producing Party and the Receiving Party,

24   the following provisions shall apply to the production of computer source code or similar

25   confidential programming statements and/or instructions, including RTL, HDL, and microcode

26   ("Source Code"):

27        (a)    Source Code shall be produced in its native electronic format.  The Producing

28   Party shall encrypt the files containing the Source Code for purposes of transportation, and shall

1  supply the Receiving Party with whatever instructions and software are necessary for decrypting the

2  files upon receipt.

3          (b)     The Receiving Party may print specific portions of Source Code, to the extent

4  reasonably necessary for advancing its claims or defenses, provided that such portions are produced

5  to all parties in a timely manner after being Bates numbered and designated in accordance with this

6  Order as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE."

7          (c)     Source Code, and printed portions of Source Code, may only be disclosed to,

8  and possessed by, the persons listed in paragraph 7.3 above (titled "Disclosure of 'HIGHLY

9  CONFIDENTIAL — ATTORNEYS' EYES ONLY' Information or Items").

10         (d)     Source Code shall not be loaded by the Receiving Party onto any computer

11  connected to a network (e.g., the Internet) or any computer without password protection.  Source

12  Code shall not be loaded onto more than three computers at a time (e.g., a computer belonging to an

13  Expert and two computers belonging to Outside Counsel of Record).

14         (e)     A Receiving Party may transport Source Code to another location (e.g., to the

15  office of an Expert, to a deposition, or to Court) either by hand or by using a trackable courier (e.g.,

16  FedEx), but only if the Source Code either (i) has been encrypted for purposes of transportation

17  using the method of encryption provided by the Producing Party or (ii) has been loaded onto a

18  password-protected computer.  Source Code shall not be transmitted electronically (e.g., by email).

19  Printed portions of Source Code do not need to be encrypted during transportation.

20  **12.    FINAL DISPOSITION**

21         Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after

22  the final termination of this action, each Receiving Party must at its option either return or destroy all

23  Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"

24  includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing

25  any of the Protected Material.  Whether the Protected Material is returned or destroyed, the

26  Receiving Party must submit a written certification to the Producing Party (and, if not the same

27  person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category,

28  where appropriate) all the Protected Material that was returned or destroyed and that affirms that the

1    Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of

2    reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

3    entitled to retain archival copies of all pleadings, motion papers, transcripts, legal memoranda,

4    correspondence or attorney work product, even if such materials contain Protected Material.  Any

5    such archival copies that contain or constitute Protected Material remain subject to this Protective

6    Order as set forth in Section 4 (DURATION), above.

7    **13.    MISCELLANEOUS**

8        13.1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek

9    its modification by the Court in the future.

10        13.2.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order,

11    no Party waives any right it otherwise would have to object to disclosing or producing any

12    information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

13    Party waives any right to object on any ground to use in evidence of any of the material covered by

14    this Protective Order.

15        13.3.   <u>Right to Advise Client</u>.  Nothing in this Order shall restrict Outside Counsel from

16    providing advice to his or her client with respect to this action that relies in a general manner upon

17    Outside Counsel's examination of Protected Material.  However, in providing such advice, Outside

18    Counsel shall not disclose the substance or source of any Protected Material unless otherwise

19    permitted by this Protective Order.

20

21    [Signature page follows]

22

23

24

25

26

27

28

1     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   Dated:  May 28, 2009                        By:  /s/ Kevin P.B. Johnson

3
                                               Kevin P.B. Johnson (SBN 177129)
4                                              Edward J. Defranco (SBN 165596)
                                               QUINN EMANUEL URQUHART
5                                              OLIVER & HEDGES, LLP
                                               555 Twin Dolphin Drive, Suite 560
6                                              Redwood Shores, California 94065-2139
                                               Telephone:  (650) 801-5000
7                                              Facsimile:  (650) 801-5100

8                                              <sony-amtran@quinnemanuel.com>

9                                              *Attorneys for Plaintiffs Sony Corporation
                                               and Sony Electronics Inc.*

10  Dated:  May 28, 2009                        By:  /s/ Theodore W. Chandler

11
                                               Peter H. Kang (SBN 158101)
12                                             Philip W. Woo (SBN 196459)
                                               Patrick M. Lonergan (SBN 245807)
13                                             SIDLEY AUSTIN LLP
                                               555 California Street, Suite 2000
14                                             San Francisco, California 94104
                                               Telephone:  (415) 772-1200
15                                             Facsimile:  (415) 772-7400

16                                             Edward G. Poplawski (SBN 113590)
                                               Theodore W. Chandler (SBN 219456)
17                                             Jim S. Zeng (SBN 254833)
                                               SIDLEY AUSTIN LLP
18                                             555 West Fifth Street, Suite 4000
                                               Los Angeles, California 90013
19                                             Telephone:  (213) 896-6000
                                               Facsimile:  (213) 896-6600
20
                                               <Sony-Funai-AmTRAN@sidley.com>
21
                                               *Attorneys for Defendant
22                                             AmTRAN Technology Co., Ltd.*

23
         **Filer Attestation:** Pursuant to N.D. Cal. Gen. Order 45, § X.B, I attest under penalty of
24  perjury that the concurrence of the above signatories or their agents has been obtained in the filing of
    the documents.
25                                                /s/  Rory S. Miller
                                                   Rory S. Miller
26

27  [COURT SIGNATURE BLOCK FOLLOWS]

28

**(AS MODIFIED BY THE COURT)**

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.
                                      ^

2

3    Dated:  June  _8_, 2009                    _____

4                                               ~~JEREMY FOGEL~~  HOWARD R. LLOYD
                                                United States ~~District~~ Judge
5                                                        Magistrate

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER — No. 08-5706 JF-HRL

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Northern District of California in

the case of *Sony Corporation; Sony Electronics Inc. v. AmTRAN Technology Co., Ltd.*, No. 5:08-cv-

05706-JF-HRL (N.D. Cal. filed Dec. 22, 2008).  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____


Signature: _____

Printed Name: _____