***E-FILED 6/16/2009***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SONY CORPORATION and SONY ELECTRONICS INC., <br><br> Plaintiffs, <br> v. <br><br> AMTRAN TECHNOLOGY CO., LTD., <br><br> Defendant. | No. C08-05706 JF (HRL) <br><br> **ORDER RE PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** <br><br> [Re: Docket No. 23] |

In this patent declaratory judgment action, plaintiffs Sony Corporation and Sony Electronics, Inc. (collectively, "Sony") moved for leave to conduct limited jurisdictional discovery. Defendant AmTRAN Technology Co., Ltd. ("AmTRAN") opposed that motion. Shortly after this court heard the motion, the parties advised that Chief Judge Crabb of the District Court for the Western District of Wisconsin denied Sony's motion to transfer AmTRAN's affirmative infringement suit against Sony to this district. The parties subsequently appeared before Judge Fogel as to AmTRAN's pending motion to stay the instant action or, alternatively, to dismiss for lack of personal jurisdiction. Soon after, Judge Fogel issued an order continuing to stay the instant action, but nonetheless permitting Sony to proceed with limited jurisdictional discovery. (Docket No. 52, May 11, 2009 Order).

1  In view of Judge Fogel's ruling, plaintiffs' motion for leave to proceed with the limited
2  discovery identified in their motion[1] is deemed moot.  However, this court addresses two issues
3  that have not been covered by prior orders.

4  First, AmTRAN's request that Sony be required to follow international discovery
5  protocols (as opposed to the Federal Rules of Civil Procedure) is denied.  AmTRAN presents no
6  authority suggesting that international protocols are mandatory or even a matter of first resort.
7  Indeed, the sole authority AmTRAN cites, <u>Société Nationale Industrielle Aérospatiale v. U.S.
8  Dist. Ct.</u>, 482 U.S. 522 (1987), indicates that the determination whether international protocols
9  are to be followed is a matter within the court's discretion.  American courts are to "exercise
10 special vigilance" to ensure that discovery sought from foreign litigants is not unduly
11 burdensome.  <u>Aérospatiale</u>, 482 U.S. at 546.  On the record presented here, however, AmTRAN
12 has not managed to persuade that resort to international protocols is warranted or necessary.

13 Second, in view of the current posture of this proceeding, this court declines to order
14 that the limited jurisdictional discovery being allowed here take place on the truncated schedule
15 plaintiffs proposed.

16 SO ORDERED.
17 Dated:   June 16, 2009

19 HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

---

[1] In its discovery motion, Sony sought leave to (a) propound one interrogatory; (b) serve ten requests for production; (c) conduct a Fed. R. Civ. P. 30(b)(6) deposition; and (d) depose two AmTRAN employees – Scottie Chiu and Jacy Lee – who submitted declarations in support of AmTRAN's motion to stay or dismiss for lack of personal jurisdiction.

2

**5:08-cv-5706 Notice has been electronically mailed to:**

Edward G. Poplawski epoplawski@sidley.com, labrown@sidley.com

Kevin P.B. Johnson kevinjohnson@quinnemanuel.com, andrewbramhall@quinnemanuel.com, benjaminsinger@quinnemanuel.com, eddefranco@quinnemanuel.com, heatherbelville@quinnemanuel.com, jackievalenzuela@quinnemanuel.com, josephmilowic@quinnemanuel.com, peterklivans@quinnemanuel.com, sherrinvanetta@quinnemanuel.com, thomaspease@quinnemanuel.com, toddkennedy@quinnemanuel.com

Peter H. Kang pkang@sidley.com, lbrodkin@sidley.com, sflitscan@sidley.com

Rory Stuart Miller rorymiller@quinnemanuel.com, shawnaallison@quinnemanuel.com, westonreid@quinnemanuel.com

Theodore Whitley Chandler hyanagim@sidley.com, jzeng@sidley.com, scjohnson@sidley.com, skim04@Sidley.com, tchandler@sidley.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.