**\*E-FILED 8/24/2009\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SONY CORPORATION and SONY ELECTRONICS INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMTRAN TECHNOLOGY CO., LTD., <br><br> Defendant. | No. C08-05706 JF (HRL) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL JURISDICTIONAL DISCOVERY** <br><br> **[Re: Docket No. 58]** |

This is a patent declaratory judgment action filed by plaintiffs Sony Corporation and Sony Electronics, Inc. (collectively, "Sony"). They seek judgment of non-infringement and invalidity as to three patents-in-suit owned by defendant AmTRAN Technology Co., Ltd. ("AmTRAN"): the '995, '037, and '152 patents.[1]

AmTRAN filed suit against Sony in the District Court for the Western District of Wisconsin ("Wisconsin Action"), alleging infringement of the '995 and '152 patents. Sony filed a motion to transfer the Wisconsin Action to this district.

In the meantime, AmTRAN filed a motion to stay the instant lawsuit, pending a decision on Sony's motion to transfer the Wisconsin Action. Alternatively, AmTRAN moved to dismiss the complaint for lack of personal jurisdiction. Defendant's motion to stay was granted, with the exception of jurisdictional discovery. A decision on AmTRAN's motion to dismiss was deferred.

---

[1] U.S. Patent Nos. 5,635,995; 5,799,037; and 6,721,152.

1    Sony's motion to transfer the Wisconsin Action to this district initially was denied. The
2  parties have advised that, upon Sony's motion for reconsideration, the Wisconsin court has
3  ordered that the Wisconsin Action be transferred here.
4    Now before this court is AmTRAN's motion to compel jurisdictional discovery.
5  Plaintiffs oppose the motion. Upon consideration of the moving and responding papers, as well
6  as the arguments of counsel, this court grants the motion in part and denies it in part.

7  A.    Requested Discovery re Potential License

8    AmTRAN essentially seeks written discovery and deposition testimony as to whether
9  Sony had a license to the '037 patent at the time Sony's complaint was filed. According to
10 AmTRAN, any such license will undermine plaintiffs' assertions as to the court's jurisdiction
11 over their declaratory judgment claims as to that patent. The requests in dispute are Request for
12 Production No. 1, Interrogatory No. 2 and Fed. R. Civ. P. 30(b)(6) Topic for Deposition No. 1:

> Request for Production No. 1[2]:
>
> All documents concerning Sony's contention that there is jurisdiction under the Declaratory Judgment Act with respect to the '037 patent, including:
> . . . .
> • Any documents reflecting any covenants not to be sued on the '037 patent proposed before the commencement of this action on December 22, 2008.
> • Any license agreements concerning Sony and the '037 patent.
>
> Interrogatory No. 2:
>
> Identify all products that Sony contends were accused by AmTRAN of infringing the '037 patent before commencement of this action on December 22, 2008, and for each product, identify the claims that AmTRAN accused of being infringed, the Sony entity that was accused of infringement (e.g., Sony Corporation of America; Sony Corporation; or Sony Electronics Inc.), and provide Sony's contentions as to whether that Sony entity was licensed under those claim(s) of the '037 patent with respect to those product(s) before commencement of this action on December 22, 2008, and identify all documents and witnesses supporting these contentions.

---

[2]   Although this request includes several subparts, the only ones at issue are those set out here.

United States District Court
For the Northern District of California

<u>Fed. R. Civ. P. 30(b)(6) Topic of Examination No. 1[3]</u>:

Sony's contention that there is jurisdiction under the Declaratory Judgment Act with respect to the '037 patent, including:

. . . .
- Any covenants not to be sued on the '037 patent proposed before the commencement of this action on December 22, 2008
- Any license agreements concerning Sony and the '037 patent.

(Mot. Exs. K, L, M).

Sony's opposition is two-fold. First, it argues that discovery as to any license to the '037 patent is relevant only to *subject matter* jurisdiction, not *personal* jurisdiction. It points out that AmTRAN did not seek, and has not obtained, permission to propound any such discovery now. Second, plaintiffs say that they have, in any event, agreed to provide sufficient and reasonable discovery relating to the '037 patent and that defendant needs no more.

AmTRAN should have first sought leave to propound this discovery. <u>See</u> Fed. R. Civ. P. 26(d)(1). Nevertheless, Fed. R. Civ. P. 12(h) provides that subject matter jurisdiction may be challenged at any time; and, defendant has shown a basis for its belief that discoverable information exists. (<u>See</u> Woo Decl. ¶ 4, Ex. V). If, as defendant contends, there is a question as to the court's jurisdiction over some of plaintiffs' claims, efficiency interests favor permitting discovery now on those issues.

AmTRAN says that it simply wants to know whether or not plaintiffs had a license to the '037 patent at the time their complaint was filed. Defendant further claims that it needs the requested discovery because (a) AmTRAN recently purchased the '037 patent from a third-party; and (b) plaintiffs are in a better position to know whether or not they previously were granted a license to that patent. Sony expresses concern that AmTRAN is attempting to delve (prematurely) into discovery on infringement issues. Plaintiffs say that they are willing to stipulate that they are licensed under '037 patent and, further, that the '037 patent claims can be dismissed. However, Sony says that AmTRAN is unwilling to provide Sony with a covenant not to sue under the '037 patent and will not take a definitive position as to whether Sony is

---

[3] Although this topic includes several subparts, the only ones at issue are those set out here.

3

1  licensed – conduct which, plaintiffs contend, prove that there is a case or controversy between
2  the parties and that matters pertaining to the '037 patent will have to be litigated.  Defendant
3  argues that discovery is necessary because, in its view, Sony's willingness to stipulate that it is
4  licensed is not the same as saying whether Sony believes it was licensed when it filed the
5  complaint.

6  This last contention by defendant might well be a distinction without a difference (or at
7  least, without a clear difference).  Information submitted by defendant in connection with this
8  motion suggests that AmTRAN may be pursuing this discovery for some purpose other than the
9  one announced; and, the parties' somewhat curious exchange on this issue suggests that there
10 may be some other dynamic at play here.  Nevertheless, what effect such discovery ultimately
11 might have upon Sony's claims and the determination whether declaratory judgment
12 jurisdiction exists is not for this court to decide.  The requests in dispute appear to be tailored to
13 the question whether or not plaintiffs had a license under the '037 patent.  Accordingly,
14 AmTRAN's motion is granted as to Request for Production No. 1, Interrogatory No. 2 and Fed.
15 R. Civ. P. 30(b)(6) Topic No. 1.  Sony shall produce non-privileged responsive documents to
16 Request for Production No. 1 **within ten days from the date of this order**.  To the extent
17 plaintiffs have additional non-privileged information to provide in response to Interrogatory No.
18 2, they shall serve a supplemental response **within ten days from the date of this order**.  The
19 timing of depositions is discussed below.

20 B.     Individual Depositions

21 As for the individual depositions sought by AmTRAN, this discovery dispute centers
22 around a December 19, 2008 meeting between Sony and AmTRAN when, according to Sony,
23 AmTRAN threatened to sue Sony for infringement of the '037 patent.  There is no dispute that
24 Sony attorneys Vladamir Elgort and Kenichi Ono attended that meeting on Sony's behalf.  Sony
25 has agreed to produce Elgort for deposition in his capacity as an individual as well as Sony's
26 Fed. R Civ. P. 30(b)(6) designee.  Sony says that during meet-and-confer negotiations, it
27 believed that defendant agreed to depose Elgort first before seeking any further depositions.  At
28 any rate, Sony contends that Elgort's testimony should be enough.  AmTRAN argues that it

4

should also be permitted to depose Ono, as well as Jaime Siegel, another Sony attorney who submitted a declaration in support of Sony's opposition to AmTRAN's motion to dismiss.

With respect to Ono, AmTRAN stated at oral argument that it will depose Elgort first, and, depending on what Elgort has to say, Ono's deposition might not be necessary. However, defendant does not wish to be hampered, at the outset, from deposing Ono if it finds that his testimony is necessary. Inasmuch as Ono was one of the individuals present at the December 19, 2008 meeting, AmTRAN's motion as to his deposition is granted.

With respect to Siegel, plaintiffs now represent to this court that they will not rely on his testimony to support their assertions as to declaratory judgment jurisdiction, and AmTRAN has not managed to persuade that his deposition is necessary at this time. Defendant's motion as to him is denied.

As for Fred Zustak, Sony's in-house counsel, defendant's motion is denied as moot. Plaintiffs represent that they will not rely on his testimony as to declaratory judgment jurisdiction, and AmTRAN apparently has agreed to forego his deposition.

AmTRAN's motion to compel the deposition now of "[a]ny other person with knowledge" is denied.

The parties shall meet-and-confer as to the time and place of the requested depositions, including the Fed. R. Civ. P. 30(b)(6) deposition of Sony. The depositions shall take place **no earlier than 10 days from the date of this court's order and no later than 45 days from the date of this order**.

Other than discovery that Sony has already willingly agreed to provide, AmTRAN is advised that the discovery addressed in this order is the only jurisdictional discovery that is being authorized at this time. No further jurisdictional discovery will be permitted except upon a properly noticed motion seeking leave of court and establishing good cause.

SO ORDERED.

Dated: August 22, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

5:08-cv-5706-JF Notice will be electronically mailed to:

Edward G. Poplawski     epoplawski@sidley.com, labrown@sidley.com

Kevin P.B. Johnson     kevinjohnson@quinnemanuel.com, andrewbramhall@quinnemanuel.com, benjaminsinger@quinnemanuel.com, eddefranco@quinnemanuel.com, heatherbelville@quinnemanuel.com, jackievalenzuela@quinnemanuel.com, josephmilowic@quinnemanuel.com, peterklivans@quinnemanuel.com, sherrinvanetta@quinnemanuel.com, thomaspease@quinnemanuel.com, toddkennedy@quinnemanuel.com

Peter H. Kang     pkang@sidley.com, lbrodkin@sidley.com, sflitscan@sidley.com

Rory Stuart Miller     rorymiller@quinnemanuel.com, shawnaallison@quinnemanuel.com, westonreid@quinnemanuel.com

Theodore Whitley Chandler     hyanagim@sidley.com, jzeng@sidley.com, scjohnson@sidley.com, skim04@Sidley.com, tchandler@sidley.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.